UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL C. BRADLEY, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 17-1791 (RMC) |
| VOX MEDIA, INC. d/b/a SB NATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiffs survived a motion to dismiss and now move to certify conditionally a class of similarly-situated past and current Site Managers and Managing Editors who worked for Defendant Vox Media, Inc., d/b/a SB Nation. The Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*, permits conditional class certification, followed by discovery and a potential further motion to modify or decertify the class. Vox Media opposes conditional certification, arguing that Plaintiffs have failed adequately to show that the proposed class members are similarly situated. Vox Media prematurely requests this Court to conduct a stringent analysis of the potential class. The Court will grant Plaintiffs' motion to certify conditionally a class of "all current or former Site Managers and Managing Editors who performed work in the United States for Vox Media, Inc. in its SB Nation business division within the past three years" and authorize notice to be sent to potential class members. After notice and discovery, Vox Media may move to modify or decertify the class and reintroduce its argument that the class members are not similarly-situated.

I.  BACKGROUND

The Court discussed the facts in detail in its memorandum opinion denying the motion to dismiss and the facts will only briefly be readdressed here. *See Bradley v. Vox Media, Inc.*, 320 F. Supp. 3d 178, 179-81 (D.D.C. 2018). Vox Media is a corporation that maintains and operates approximately 319 sports websites through its business division, SB Nation. First Am. Collective Action Compl. (Am. Compl.) [Dkt. 16] ¶ 11. Each website is maintained by a Site Manager. *See, e.g., id.* ¶¶ 14, 23, 33. Vox Media manages its Site Managers through Blogger Agreements and direct supervision by League Managers. *Id.* ¶¶ 13, 70-73. Each Blogger Agreement outlines when and how often Site Managers must create new content, specifies that Vox Media maintains the authority to edit or remove such content, and includes a non-compete clause. *Id.* ¶¶ 53-59.

Plaintiffs Cheryl Bradley, John Wakefield, and Maija Varda were Site Managers for three different Vox Media websites, *Mile High Hockey*, *Through it All Together*, and *Twinkie Town*, respectively. *See id.* ¶¶ 14, 23, 33. The relationship between each Plaintiff and Vox Media was governed by a Blogger Agreement. *See id.* ¶¶ 13, 22, 32. Plaintiffs allege that, as Site Managers, they were required to watch and report on breaking news, recruitment, and games for their assigned teams. *See id.* ¶¶ 16, 18-19, 27-29, 35-38. Although Plaintiffs worked between 30 and 60 hours a week, they were each paid a flat monthly fee, rather than hourly, and were not paid overtime. *See id.* ¶¶ 20-21, 30-31, 40-41.

Plaintiffs allege that the proposed class members are similarly situated because they were all "misclassified as independent contractors, worked pursuant to Vox's . . . common pay practices and, as a result of such practices, were not paid the full and legally mandated minimum wage or overtime premiums for hours worked over forty (40) during the workweek."

*Id*. ¶ 117.  The "common pay practices" identified by Plaintiffs include:  flat monthly rates, compensation not dependent on the amount of content created, and the inability of Site Managers to engage in advertisement agreements or otherwise benefit from advertising revenue on their sites.  *Id*. ¶¶ 68-69, 72-75.

On October 23, 2017, Plaintiffs moved to certify the class conditionally.  *See* Pls.' Mot. for Conditional Cert. [Dkt. 17]; Mem. of Law in Supp. of Pls.' Mot. for Conditional Cert. (Mem.) [Dkt. 17-1].  The motion was held in abeyance pending the Court's ruling on Defendant's motion to dismiss.  The Court denied Vox Media's motion to dismiss on September 4, 2018, and briefing was completed on the motion to conditionally certify the class.  *See* Def. Vox Media, Inc.'s Opp'n to Pls.' Mot. for Conditional Cert. (Opp'n) [Dkt. 33]; Pls.' Reply Mem. of Law in Further Supp. of Mot. for Conditional Cert. [Dkt. 35].  The motion is ripe for review.

## II.   LEGAL STANDARD

The Fair Labor Standards Act provides employees with a private right of action to sue their employers for unpaid minimum wage and unpaid overtime compensation.  29 U.S.C. § 216(b).  "[B]ecause individual wage and hour claims might be too small in dollar terms to support a litigation effort," *Chase v. AIMCO Props., L.P.*, 374 F. Supp. 2d 196, 198 (D.D.C. 2005), the FLSA permits employees to sue on "behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  A collective action under the FLSA does not require certification under Federal Rule of Civil Procedure 23 and Plaintiffs are not required to show numerosity, commonality, and typicality.  *See Blount v. U.S. Sec. Assocs.*, 945 F. Supp. 2d 88, 92 (D.D.C. 2013).  Judges on this Bench have uniformly applied a two-stage certification process.  "At the first stage, the plaintiffs must make a 'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan

that violated the law.'" *Id*. (quoting *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004)). Once that showing is made, the proposed class is certified conditionally in order to "facilitate notice of the collective action to potential plaintiffs to give them the opportunity to opt in to the litigation." *Id*. Stage two follows the opt-in process and discovery and is when "the defendant may move to decertify the class based on the evidentiary record developed during the discovery period." *Id*. at 93. At that point, with a factual record and a motion from a defendant, the Court makes "a factual determination [as to] whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id*. If the class survives this second stage, the case proceeds to trial as a class. If the class does not survive the second stage, then "the opt-in plaintiffs are dismissed without prejudice, and the named plaintiffs proceed to trial." *Id*.

### III. ANALYSIS

Plaintiffs move to certify conditionally a class of "all current or former Site Managers and Managing Editors who performed work in the United States for Vox Media, Inc. in its SB Nation business division within the past three years" (hereinafter "the proposed Class"), Mem. at 1, and to require Vox Media to produce "the names, last known addresses, telephone numbers, and email addresses of all potential members of the [proposed] Class" to permit Plaintiffs to send notice to all potential class members. *Id*. Vox Media argues that Plaintiffs fail to show that potential class members are substantially similar to the Plaintiffs and provides declarations from a handful of Site Managers that it believes are significantly different from the Plaintiffs themselves. Additionally, Vox Media disputes the propriety of notifying potential class members via telephone and the use of reminder notices.

#### A. Conditional Certification

Plaintiffs allege that Vox Media uses a common policy of misclassifying Site Managers and Managing Editors as independent contractors to avoid paying minimum wage and

overtime wages. Am. Compl. ¶¶ 68-75, 108-10, 117-18. Plaintiffs acknowledge that there may be circumstances unique to each of the class members, but stress that stage one involves only conditional certification and that their allegation that a common policy affected every putative class member is sufficient. Mem. at 12-13 (citing *Hallissey v. Am. Online, Inc.*, No. 99-3785, 2008 WL 465112, at *2 (S.D.N.Y. Feb. 19, 2008)). Plaintiffs argue further that Vox Media's use of "strikingly similar" Blogger Agreements which classify Site Managers as independent contractors, demonstrates the existence of a common policy, thereby meeting the "modest factual showing" necessary to warrant conditional certification. *Id*. at 14.

In its opposition, Vox Media focuses on demonstrating that potential members of the proposed class are not similarly situated, as shown by declarations of six Site Managers that demonstrate the variety of circumstances. *See* Decl. of James Bankoff [Dkt. 33-1]; Decl. of Christopher Gates [Dkt. 33-2]; Decl. of Rebecca Lawson Gennaro [Dkt. 33-3]; Decl. of Taylor Baird [Dkt. 33-4]; Decl. of Timothy Riordan [Dkt. 33-5]; Decl. of Stephen Cohn [Dkt. 33-6]. Vox Media asks the Court to use the "economic realities test" to determine if proposed class members are substantially similar enough to permit conditional certification. Opp'n at 10.

Vox Media urges the Court to go beyond the purpose and needs of the first stage of certification in FLSA cases. Plaintiffs need show only that the identified collective contains "potential plaintiffs who *may be* similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." *Freeman v. Medstar Health Inc.*, 187 F. Supp. 3d 19, 29 (D.D.C. 2016) (quotation omitted) (emphasis in original). After meeting that low hurdle, notice is sent to determine if those similar potential plaintiffs exist. "[I]t is, therefore, not necessary to . . . require proof that those potential plaintiffs are, actually, similarly situated before those potential plaintiffs even identify themselves." *Id*. The economic realities test proposed by Vox

Media may well be the measure to determine if Site Managers were properly categorized as independent contractors rather than as employees but there are insufficient facts to make that decision now.

"Plaintiffs' burden at this stage is not onerous and may be satisfied based on pleadings and affidavits." *Blount*, 945 F. Supp. 2d at 93.  These Plaintiffs allege that all Site Managers had similar responsibilities for their respective blogs, that Vox Media had a uniform policy of classifying Site Managers as independent contractors, and that each Site Manager has the same kinds of claims for unpaid wages and overtime.  *See id*. (identifying similar facts presented by plaintiffs as sufficient to meet the first stage of conditional certification).  Declarations from Plaintiffs (and current opt-in class members) demonstrate they were each subject to a similar Blogger Agreement and were paid on a monthly, flat-fee basis regardless of the number of hours worked.  *See* Compl. ¶¶ 13, 20-22, 30-32, 40-41; *see also* Decl. of Cheryl C. Bradley [Dkt. 17-4] ¶¶ 4, 11-13, 21-22; Decl. of John M. Wakefield [Dkt. 17-5] ¶¶ 9-11, 20-22; Decl. of Maija Liisa Varda [Dkt. 17-6] ¶¶ 10-12, 19-21; Decl. of Jacob Pavorsky [Dkt. 17-7] ¶¶ 10-14, 21-23; Decl. of Stephen Schmidt [Dkt. 17-8] ¶¶ 12-18, 25-26.  While Vox Media argues there are differences among the current Plaintiffs and there will likely be even more disparities among the members of the proposed class, full "uniformity is not a prerequisite." *Ayala v. Tito Contractors*, 12 F. Supp. 3d 167, 172 (D.D.C. 2014); *see also Stephens v. Farmers Rest. Grp.*, 291 F. Supp. 3d 95, 106 (D.D.C. 2018) ("[D]efendants cannot defeat conditional certification by pointing to immaterial variations in how the improper policies alleged by the plaintiff were applied."); *Meyer v. Panera Bread Co.*, 344 F. Supp. 3d 193, 205 (D.D.C. 2018) (finding that assessing the differences between the job responsibilities of the potential class members is premature at the first stage of conditional collective action certification); *McKinney*

*v. United Stor-All Ctrs., Inc.*, 585 F. Supp. 2d 6, 10 (D.D.C. 2008) ("[D]efendants' argument that determining whether the potential plaintiffs are similarly situated requires a highly individualized and fact-intensive analysis is more appropriately addressed at the second stage of the certification process."). The Complaint and declarations provide the Court with sufficient information to find a common policy exists by which Vox Media classifies its Site Managers as independent contractors rather than employees, resulting in the avoidance of FLSA obligations that apply to employees but not independent contractors. The Court will consider whether any differences between class members prevent a finding of substantial similarity at stage two of the certification process.

### B. Notice

Plaintiffs ask the Court to require Vox Media to produce to Plaintiffs' counsel "the names, last known addresses, telephone numbers, and email addresses of all potential members of the [proposed] Class," Mem. at 1, and approve the following aspects of the notice process: (1) notice via traditional and electronic mail; (2) a ninety-day notice period for putative class members to opt in; and (3) reminder notices sent to those putative plaintiffs that do not respond in the first 45 days. Vox Media opposes the production of telephone numbers, arguing that individual privacy concerns outweigh the need to contact potential class members via telephone. Vox Media also asks the Court to limit the notice period to sixty days and prohibit reminder notices.

"Courts routinely order the production of names and addresses in collective actions." *Blount*, 945 F. Supp. 2d at 97 (citing *Castillo v. P & R Enters., Inc.*, 517 F. Supp. 2d 440, 448 (D.D.C. 2007); *Hunter*, 346 F. Supp. 2d at 121). When considering a request for telephone numbers of potential class members, the Court looks for a particularized need

identified by plaintiffs. *See id.* at 97 ("[T]he disclosure of phone numbers . . . implicates privacy concerns and . . . should not be required absent particularized need."). In this case, Plaintiffs request the telephone numbers but do not indicate how they intend to use them. *See Freeman*, 187 F. Supp. 3d at 32 ("Plaintiffs do not make clear the purpose of the telephone information; therefore, in the interest of protecting the privacy interests of the members of the proposed collectives, the Court will not require that Defendants' provide telephone numbers for the members of the 'conditionally certified' collectives."); *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 7 (D.D.C. 2010) ("Because plaintiffs have not specifically justified their need for access to putative class members' phone numbers, the defendants will be ordered to produce only the names and last known addresses of putative class members."). Courts have permitted the discovery of telephone numbers in limited instances and none of the extenuating circumstances is present here. *See Ayala*, 12 F. Supp. 3d at 172 (permitting the discovery of telephone numbers because "many potential plaintiffs do not speak English as a first language—thus making them harder to contact"). The Court will deny Plaintiffs' request for the production of telephone numbers.

Similarly, Plaintiffs have not identified a specific need for reminder notices and the Court will deny that request as well. With respect to the opt-in period, courts routinely permit both 60 and 90-day opt-in periods. Plaintiffs may have asked for a 45-day reminder due to the length of a 90-day opt-in period; their silence makes that difficult to assess but a 60-day opt-in period would avoid any such need and is not too short for consideration and action, if a putative class member wishes to join the litigation. Notably, there is no objection to producing email addresses for the potential class members, in this community of persons highly literate on the workings of the Internet. Between regular mail and email, Plaintiffs could have their two

bites at the apple.  To the extent that Plaintiffs contact potential class members by their email addresses, which the Court finds to be more private than residential addresses, they will be limited to a single contact addressed to a single person, without sharing of email addresses among recipients and without repeated contacts.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' Motion for Conditional Certification, Dkt. 17, require Vox Media to produce to Plaintiffs' Counsel the names, last known addresses, and email addresses of all potential members of the Class, and require the parties to meet and confer regarding the content of the notices to be mailed and emailed to potential class members.  A memorializing Order accompanies this Memorandum Opinion.

Date:  March 6, 2019

_____
ROSEMARY M. COLLYER
United States District Judge