IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL BRADLEY, et al., for themselves and on behalf of all persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>VOX MEDIA, INC., d/b/a/ SB NATION,<br><br>　　　　　Defendant. | Case No. 1:17-cv-01791 (RMC) |
| TAMRYN SPRUILL and JACOB SUNDSTROM, for themselves and on behalf of all persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>VOX MEDIA, INC., d/b/a SB NATION,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00160 (RMC)<br><br>Date:　　December 19, 2019<br>Time:　　2:00 p.m.<br>Dept:　　Courtroom 8 - 4th Floor<br>Before:　Hon. Rosemary M. Collyer |

## JOINT STATUS REPORT

In advance of the status conference scheduled in the above-captioned matters for December 19, 2019, Plaintiffs Cheryl C. Bradley, John M. Wakefield, and Maija Liisa Varda ("*Bradley* Plaintiffs" or "Plaintiffs"); Plaintiffs Tamryn Spruill and Jacob Sundstrom ("*Spruill* Plaintiffs" or "Plaintiffs"); and Defendant Vox Media, Inc. ("Vox Media") (collectively, the "Parties"), met and conferred on December 4, 2019. The Parties now submit the following Joint Status Report to the Court.

## I. STATEMENT OF THE CASES

A. ***Bradley v. Vox Media, Inc.***

The *Bradley* Plaintiffs filed their original complaint on September 1, 2017, ECF No. 1,[1] and an amended complaint on October 23, 2017, ECF No. 16. The First Amended Collective Action Complaint filed by Plaintiffs on behalf of themselves and all persons similarly situated seeks all available relief under the Fair Labor Standards Act of 1938 ("FLSA"). ECF No. 16, at 1. Plaintiffs bring the FLSA action on behalf of themselves and the following class of potential opt-in litigants: "All current or former Site Managers and Managing Editors who performed work in the United States for Vox Media, Inc. in its SB Nation business division within the past three years (the "FLSA Class")." ECF No. 16, at 3. Plaintiffs allege that they were employees—not independent contractors—and that Vox Media violated FLSA's minimum wage and overtime requirements under 29 U.S.C. §§ 206(a) and 207(a). *See* ECF No. 16.

On October 4, 2018, Vox Media filed an Answer to Plaintiffs' First Amended Complaint, in which it denied that it violated FLSA's requirements and asserted a number of defenses, including those relying upon equitable principles, various provisions of the FLSA, the United States Constitution, the Portal-to-Portal Act, 29 U.S.C. §§ 254, 259, and the Rules Enabling Act, 28 U.S.C. § 2072, as well as the fact that Plaintiffs are independent contractors as a matter of law. *See* ECF No. 34.

On October 23, 2017, Plaintiffs filed a Motion for Conditional Certification. ECF No. 17. On November 3, 2017, the Court so-ordered the Parties' joint stipulation to hold the Motion for Conditional Certification in abeyance pending the Court's ruling on Vox Media's Partial Motion to Dismiss, ECF No. 20. On September 4, 2018, the Court denied Vox Media's Partial Motion to

---

[1] ECF references in the *Bradley* sections of the report are to docket entries in *Bradley*. ECF references in the *Spruill* sections of the report are to docket entries in *Spruill*.

Dismiss. ECF No. 29, 30. On October 4, 2018, Vox Media filed its Opposition to Plaintiffs' Motion for Conditional Certification. On March 6, 2019, the Court certified conditionally a class of "all current or former Site Managers and Managing Editors who performed work in the United States for Vox Media, Inc. in its SB Nation business division within the past three years." ECF No. 37. On March 22, 2019, Plaintiffs requested (with no opposition from Defendant), that the *Bradley* and *Spruill* cases be related and that a Joint Initial Scheduling Conference be scheduled. ECF No. 39. The Court related the cases on March 25, 2019 and scheduled the Joint Initial Scheduling Conference for May 8, 2019. *See* ECF No. 40. On May 9, 2019, the Court entered a Scheduling Order setting the *Bradley* fact discovery deadline for December 18, 2019, and scheduling a status conference for December 19, 2019. ECF No. 64.

The opt-in period closed on June 3, 2019. A total of 102 current or former Site Managers and Managing Editors opted into the conditionally certified class. On July 25, 2019, the Court granted an extension of the fact discovery deadline to March 18, 2020, and set a status conference for March 19, 2020. *See* ECF No. 81-1. On August 27, 2019, the Court entered the Parties' Stipulation and Order Regarding Opt-In Discovery, which provided that twenty Opt-In Plaintiffs would be subject to written discovery, and that Vox Media would be permitted to take the deposition of ten of these Opt-In Plaintiffs. ECF No. 83.

### B. *Spruill v. Vox Media, Inc.*

On September 21, 2018, Plaintiff Tamryn Spruill filed her original complaint in the Superior Court of Alameda County, California. On November 9, 2018, Vox Media, Inc. removed this case to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). ECF No. 1. On November 16, 2018, Vox Media filed a motion to dismiss, stay, or transfer proceedings in light of the already-pending federal action in *Bradley v. Vox Media, Inc.* ECF No. 11. On December 5, 2018, Plaintiff filed a Motion to Remand the case to state court, arguing that CAFA's

requirements were not met in this case. ECF No. 23. On January 4, 2019, Vox Media filed an opposition to Plaintiff's Motion to Remand. ECF No. 26. Thereafter, following discussion between counsel, Plaintiff withdrew her Motion to Remand, ECF Nos. 28, 29, and the Parties jointly stipulated to transfer the case for coordination with *Bradley* and to allow Plaintiff 30 days from transfer to amend her complaint. ECF No. 27. On January 23, 2019, the United States District Court for the Northern District of California transferred the case to this Court for coordination with *Bradley*, if appropriate, and gave Plaintiff 30 days to amend her complaint. ECF No. 28.

On March 1, 2019, Plaintiff filed her First Amended Complaint ("FAC"). ECF No. 36. Plaintiff seeks to represent a putative class of "[a]ll Content Contributors who created and/or edited written, video, or audio content for an SB Nation team site in California at any time on or after September 21, 2014, were classified as independent contractors, and were paid compensation directly from Vox [Media]." FAC ¶ 38. Plaintiff alleges that she and other Content Contributors, including those with "job titles such as Site Manager, Associate Editor, Managing Editor, Deputy Editor, and Contributor," are properly considered employees of Defendants, although Vox Media classified them as "independent contractors." FAC ¶¶ 1, 2. Plaintiff asserts that she and the putative class members are allegedly: (1) "entitled to unpaid minimum wages"; (2) "entitled to unpaid overtime wages"; (3) "owed meal and rest period premiums"; (4) "owed statutory damages for failure to provide itemized wage statements"; (5) "owed reimbursement of business expenses"; and (6) "entitled to restitution and injunctive relief under the Unfair Competition Law." FAC ¶ 3. Plaintiff also brings a representative action under the California Labor Code Private Attorneys General Act ("PAGA") for the aforementioned alleged California Labor Code violations, as well

as alleged failure to pay all wages due upon termination, failure to pay all wages owed twice each calendar month, and failure to keep accurate payroll records of hours worked. FAC ¶ 4.

On March 14, 2019, Vox Media filed an Answer to the First Amended Complaint, in which it denied that it violated any provision of the California Labor Code and denied that it is liable under the California Unfair Competition Law, PAGA or otherwise. ECF No. 37. Vox Media asserted a number of defenses, including that Plaintiffs are independent contractors as a matter of law as well as defenses relying upon equitable principles, the California Labor Code, the Unfair Competition Law, PAGA's requirements, the United States Constitution, the California Constitution, and the Rules Enabling Act, 28 U.S.C. § 2072. *See* ECF No. 37 (setting forth these and a number of other defenses).

On May 9, 2019, the Court entered a Scheduling Order setting the fact discovery deadline for September 11, 2019, and scheduling a status conference for September 12, 2019. ECF No. 43. On June 14, 2019, Plaintiff filed a Second Amended Complaint ("SAC"). ECF No. 51. The SAC added a second named Plaintiff, Jacob Sundstrom. *Id.* On June 28, 2019, Vox Media filed an Answer to the Second Amended Complaint. ECF No. 52. On July 25, 2019, the Court granted an extension of the fact discovery deadline to December 18, 2019, and set a status conference for December 19, 2019. *See* ECF No. 53-1. On September 19, 2019, Plaintiffs filed a Third Amended Complaint, which added a standalone claim for failure to pay all wages owed upon termination under Sections 201 to 203 of the California Labor Code. ECF No. 56. On October 4, 2019, Vox Media filed an Answer to the Third Amended Complaint, once again denying Plaintiffs' allegations and asserting a number of affirmative defenses. ECF No. 57.

## II.     STATUS OF DISCOVERY

The Parties have substantially completed fact discovery in *Spruill* and have made significant progress toward completing fact discovery in *Bradley*. The Parties have served initial

disclosures, interrogatories, and requests for production in both cases, and produced thousands of documents. The Parties continue to search for and produce any additional responsive, non-privileged documents. In addition, Vox Media has served subpoenas on Plaintiffs' employers and entities to which Plaintiffs applied to obtain copies of their employment applications and other materials in which they described their work for Vox Media. Vox Media has produced to Plaintiffs the documents received in response to these subpoenas.

On August 27, 2019, the Court entered the Parties' Stipulation and Order Regarding Opt-In Discovery, which provides that twenty *Bradley* Opt-In Plaintiffs shall be subject to written discovery, and Vox Media may take the deposition of ten of these selected Opt-In Plaintiffs. *See* ECF No. 83. Vox Media has produced documents for all twenty Opt-In Plaintiffs selected for discovery, and served its own interrogatories and requests for production on these Opt-In Plaintiffs. Plaintiffs served their responses to Vox Media's interrogatories for four of the Opt-In Plaintiffs on December 12, 2019, and requested an extension to December 20, 2019 to serve the remainder of the responses and are in the process of producing documents for the twenty Opt-In Plaintiffs.

The Parties have taken the depositions of eight individuals to date, including Vox Media CEO and 30(b)(6) representative James Bankoff, general counsel Lauren Fisher, founder Tyler Bleszinski, COO Trei Brundrett, and former league manager Travis Hughes; *Spruill* Plaintiffs Tamryn Spruill and Jacob Sundstrom, and *Bradley* Plaintiff John Wakefield. The Parties anticipate taking additional depositions between January and March 2020, including of *Bradley* Plaintiffs Cheryl Bradley and Maija Varda, ten *Bradley* Opt-In Plaintiffs, and their league managers. Given the overlap between the two cases, and Plaintiffs' agreement not to let the ten Opt-in Plaintiffs' depositions count against Vox Media's deposition limit under FRCP 30(a), the Parties propose that

Plaintiffs be entitled to take twenty depositions total in both cases, instead of ten depositions for *Bradley* and ten for *Spruill*.

### III. DISPOSITIVE MOTIONS AND EXPERT DISCOVERY

Due to the overlap between the *Bradley* and *Spruill* cases and the Parties' mutual desire to streamline this Court's consideration of both cases, the Parties respectfully request that the Court defer setting a schedule for expert discovery and dispositive motions in *Spruill* until the close of fact discovery in *Bradley*. The Court has already set a status conference for *Bradley* on March 19, 2020, and the Parties respectfully propose that the Court order a status conference in *Spruill* at the same time. The Parties believe that deferring these deadlines will promote efficiency and facilitate the potential resolution of both cases without the need for further litigation.

During the status conference on March 19, 2019, Defendants anticipate requesting a briefing schedule to move for decertification of the collective in *Bradley* based upon the evidence gathered during discovery and Plaintiffs anticipate requesting a schedule to move for certification of a class in *Spruill*. The Parties also anticipate requesting a briefing schedule for cross summary judgment motions in *Spruill* and/or *Bradley*.

### IV. ALTERNATIVE DISPUTE RESOLUTION

The Parties are amenable to discussing settlement in both cases. The Parties agree that it would be appropriate to discuss mediation at the *Bradley* status conference scheduled for March 19, 2020, including the possibility of scheduling a mediation at that time, when discovery in both *Spruill* and *Bradley* will be completed.

Dated:  December 16, 2019	Respectfully submitted,

/s/ *James E. Goodley*
James E. Goodley (Bar No. PA0069)
jgoodley@jslex.com
Marc L. Gelman (PA 78857)*
mgelman@jslex.com
Maureen W. Marra (PA 309865)**
mmarra@jslex.com
Ryan P. McCarthy (PA 323125)**
rmccarthy@jslex.com
JENNINGS SIGMOND, P.C.
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0613

David Borgen (CA 099354)*
dborgen@gbdhlegal.com
Laura L. Ho (CA 173179)*
lho@gbdhlegal.com
Ginger Grimes (CA 307168)*
Ggrimes@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel: (510) 763-9800
Fax: (510) 835-1417

*Attorneys for Plaintiffs*

*Admitted pro hac vice
**pro hac vice application to be filed


/s/ *Jason C. Schwartz*
Jason C. Schwartz
jschwartz@gibsondunn.com
Greta B. Williams
gbwilliams@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202-955-8242

Theodore J. Boutrous, Jr.
tboutrous@gibsondunn.com

Katherine V.A. Smith (admitted *pro hac vice*)
ksmith@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213-229-7000

Elizabeth A. Dooley  (admitted *pro hac vice*)
edooley@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415-393-8342

*Attorneys for Defendant*